**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

NORTHERN STATES POWER COMPANY d/b/a Xcel Energy,

Civil No. 01-295 (JRT/FLN)

Plaintiff,

v.

FEDERAL TRANSIT ADMINISTRATION; MINNESOTA DEPARTMENT OF TRANSPORTATION; ELWYN TINKLENBERG, Commissioner of Transportation, individually and officially; MINNESOTA METROPOLITAN COUNCIL; and the STATE OF MINNESOTA,

Defendants.

**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

---

Timothy R. Thornton, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for plaintiff.

Mary L. Trippler, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for defendant Federal Transit Authority.

Donald J. Mueting and Ann K. Bloodhart, Assistant Attorneys General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 525 Park Street, #200, St. Paul, MN, 55101, for defendants Minnesota Department of Transportation, Elwyn Tinklenberg, and the State of Minnesota.

FILED MAR 1 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

Lewis A. Remele, Jr., Andrew L. Marshall, and J. Scott Andresen, BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A., 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN, 55402, for defendant Minnesota Metropolitan Council.

This matter is before the Court on plaintiff Xcel Energy's appeal of that portion of the February 1, 2002 order of United States Magistrate Judge Franklin L. Noel denying Xcel Energy's motion for leave to file an amended complaint.[1] Xcel Energy seeks to add a second NEPA violation claim against the Federal Transit Administration ("FTA"), an inverse condemnation claim against the Metropolitan Council ("Met Council") and the Minnesota Department of Transportation ("MnDOT") and a request for damages. Following briefing and a lengthy hearing, the Magistrate Judge denied Xcel Energy's motion on the basis that the motion was untimely and that the issues raised did not need to be brought in this lawsuit. For the reasons set forth below, the Court affirms the order of the Magistrate Judge.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court will reverse an order of a Magistrate Judge only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).

The Magistrate Judge's conclusion that the motion is untimely is not clearly erroneous or contrary to law. Xcel Energy filed its motion to amend the complaint on

[1] The Magistrate Judge also ruled on a motion to compel responses to discovery requests, but that issue was not appealed.

December 31, 2001, six and one-half months after the deadline for amending pleadings had passed, after the close of discovery and only weeks before defendants served their summary judgment motions in order to meet the dispositive motion filing deadline of February 15, 2002.

Additionally, Xcel Energy has not shown good cause for its failure to comply with the dates set forth in the scheduling order. Under Rule 16(b) of the Federal Rules of Civil Procedure, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the court." *See also* April 9, 2001 Scheduling Order (explaining that "[t]he schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3"). Xcel Energy asserts that it did not bring its motion in a timely fashion because the additional claims did not arise until after the original June 15, 2001 deadline to amend pleadings. This argument is simply unpersuasive. Xcel Energy's NEPA claim is based on a public document that was issued more than sixteen years ago. In its moving papers, Xcel Energy emphasizes that the new claim is based on the EIS issued in 1985. Although Xcel Energy also relies on the Record of Decision ("ROD") issued on April 26, 2000 to support this claim, the complaint in this case was not filed until February 2001. Xcel Energy thus had ample opportunity to not only comply with the June 15, 2001 deadline to amend the pleadings, but could have added the claim in its original complaint. The record also reveals that Xcel Energy was sufficiently aware of the facts giving rise to its inverse condemnation claim that it could have sought to add this claim in a timely fashion. It is simply untrue that Xcel Energy was unaware that the light rail system would be routed past its Fifth Street substation. In fact, counsel noted that concern at oral argument on the preliminary injunction motion.

The Court also believes that allowing Xcel Energy to amend its complaint at this stage in the case would result in prejudice to defendants. *Fuller v. Secretary of Defense,* 30 F.3d 86, 88 (8th Cir. 1994) ("Leave to amend should be granted absent a good reason for the denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility."); *Thompson-El v. Jones,* 876 F.2d 66, 67 (8th Cir. 1989). The addition of the takings claim would inevitably require additional discovery and could delay resolution of the dispositive motions already filed with the Court and scheduled to be heard next month. Furthermore, the introduction of a claim for monetary damages would not only require additional discovery, it would likely raise jurisdictional and constitutional issues not previously at issue in this litigation.

For all the foregoing reasons, the Court is not left "with the definite and firm conviction that a mistake has been committed." *Chakeles v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996). Accordingly, the Court affirms the order of the Magistrate Judge denying Xcel Energy's motion to amend its complaint. His ruling is neither clearly erroneous nor contrary to law.

**ORDER**

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Order of the Magistrate Judge [Docket No. 105], denying Plaintiff's Motion to Amend the Complaint [Docket No. 88], is **AFFIRMED.**

DATED: March 19, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge