# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

NORTHERN STATES POWER COMPANY, d/b/a Xcel Energy,

Civil No. 01-295 (JRT/FLN)

Plaintiff,

v.

FEDERAL TRANSIT ADMINISTRATION; MINNESOTA DEPARTMENT OF TRANSPORTATION; ELWYN TINKLENBERG, Commissioner of Transportation, individually and officially; MINNESOTA METROPOLITAN COUNCIL; and the STATE OF MINNESOTA,

Defendants.

**ORDER**

Timothy R. Thornton, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for plaintiff.

Mary L. Trippler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for defendant Federal Transit Authority.

Donald J. Mueting and Ann K. Bloodhart, Assistant Attorneys General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 525 Park Street, #200, St. Paul, MN, 55101, for defendants Minnesota Department of Transportation, Elwyn Tinklenberg, and the State of Minnesota.

Lewis A. Remele, Jr. and Andrew L. Marshall, BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A., 3550 Multifoods Tower, 33 S. Sixth Street, Minneapolis, MN, 55402, for defendant Minnesota Metropolitan Council.

FILED OCT
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

On May 24, 2001, this Court granted the motions of the Minnesota Department of Transportation, Elwyn Tinklenberg, the State of Minnesota (collectively "State defendants"), and the Minnesota Metropolitan Council for preliminary injunctive relief. The Court ordered that plaintiff Xcel Energy ("Xcel") must comply with the State's directives concerning relocation of utility facilities in connection with the Hiawatha Light Rail Project. On September 10, 2002, this Court granted defendants' motions for summary judgment. Thus it is now settled that Xcel must relocate its utilities and must pay the costs of relocation without reimbursement from the State.

Because the merits of this case have been finally determined, the May 24, 2001 preliminary injunction appears unnecessary, and the Court is prepared to dissolve it. To ensure that parties may express their views on this matter, the Court orders the parties to show cause why the injunction should not be dissolved. Such showing must be made within 14 days from the date of this Order.

## ORDER

**IT IS HEREBY ORDERED** that the parties are directed to show cause why the Court should not dissolve the preliminary injunction [Docket No. 45] imposed on May 24, 2001. If no party has made such a showing within 14 days of the date of this Order, the Court shall dissolve the preliminary injunction.

DATED: October 9, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge