/

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

NORTHERN STATES POWER COMPANY d/b/a Xcel Energy,

Plaintiff,

v.

FEDERAL TRANSIT ADMINISTRATION; MINNESOTA DEPARTMENT OF TRANSPORTATION; ELWYN TINKLENBERG, Commissioner of Transportation, individually and officially; MINNESOTA METROPOLITAN COUNCIL; and the STATE OF MINNESOTA,

Defendants.

Civil No. 01-295 (JRT/FLN)

**ORDER**

---

Timothy R. Thornton, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for plaintiff.

Mary L. Trippler, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for defendant Federal Transit Authority.

Donald J. Mueting and Ann K. Bloodhart, Assistant Attorneys General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 525 Park Street, #200, St. Paul, MN, 55101, for defendants Minnesota Department of Transportation, Elwyn Tinklenberg, and the State of Minnesota.

FILED JAN 14 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JAN 14 2003
DEPUTY CLERK

Lewis A. Remele, Jr., Andrew L. Marshall, and J. Scott Andresen, BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A., 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN, 55402, for defendant Minnesota Metropolitan Council.

The Court has before it two separate matters in this case: plaintiff's motion for entry of final judgment pursuant to Federal Rules of Civil Procedure 54(b), and defendant Metropolitan Council's ("Met Council") request for release from the injunction bond.

As to plaintiff's motion for entry of final judgment, the Court finds that both judicial administrative interests and equities weigh in favor of entry of final judgment. There is no significant relationship between the adjudicated claims of plaintiff against defendants and the unadjudicated counterclaims against plaintiff. In addition, there is no possibility that the need for review will be mooted by future developments in this Court. There is also little possibility that the Eighth Circuit Court of Appeals will have to consider the same issue in separate appeals. Finally, entry of final judgment as to plaintiff's claims will not impair either defendants' ability to pursue the counterclaims against plaintiff or plaintiff's ability to defend against those claims. Therefore, the Court finds that there is no just reason for delay and directs the entry of judgment under Rule 54(b).

As to defendant Met Council's request for release from the injunction bond, the Court finds the bond to be a condition placed upon the defendants by the Eighth Circuit that cannot be lifted by this Court. The Circuit Court opinion stated ". . . for the protection of the plaintiff in the event that the ultimate determination of law, either by the District Court **or by this Court**, is that plaintiff was not obligated to pay for this work, but rather ought to be reimbursed by the State of Minnesota or one of its agencies."

*Northern States Power Co. v. Federal Transit Admin.*, 270 F.3d 586, 588 (8th Cir. 2001) (emphasis added). The injunction bond must remain in place pending the resolution of plaintiff's appeal.

**ORDER**

Based upon the foregoing, the submissions of the parties, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1) Plaintiff's motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b) [Docket No. 153] is **GRANTED**. The Clerk shall enter judgment against plaintiff and in favor of defendants on all claims asserted against them by plaintiff. There being no just reason for delay and upon an express direction for the entry of judgment, **let judgment be entered accordingly**.

2) Defendant Metropolitan Council's request for release from the injunction bond is **DENIED**.

DATED: Jan. 14, 2003
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.