UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Northern States Power Company, a Minnesota Corporation, d/b/a Xcel Energy,

Plaintiff,

v.

Elwyn Tinklenberg, Commissioner of Transportation and the Minnesota Department of Transportation,

Defendants.

**Civil Action No. 01-CV-295 JRT/FLN**

**OBJECTION BY PLAINTIFF TO BILL OF COSTS AND APPLICATION THEREFORE OF MINNESOTA METROPOLITAN COUNCIL**

Plaintiff objects to the Bill of Costs filed by Defendant Metropolitan Council (Met Council) on June 8, 2004. Objection is made on the following grounds:

## I. DEPOSITION COSTS:

Costs may be awarded for the fees of a court reporter who transcribed a deposition only if the deposition transcript was "necessarily obtained" for use in the case. 28 U.S.C. §1920(2). Courts are severely limited in awarding costs for cumulative, duplicative, or peripheral depositions because they are not considered necessary. *Gopher Oil Co. v. Union Oil Co.*, 757 F. Supp. 998, 1016 (D. Minn. 1991) (citing *Green-Glo Turf Farms, Inc. v State*, 347 N.W.2d 491, 495 (Minn. 1984)).

Depositions that assist in discovery or are investigatory in nature, are rarely probative to the facts in the case and are not within the scope of costs recoverable under 28 U.S.C. §1920(2). *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994). It is insufficient that the depositions were probative. Rather, the depositions must have been necessary to the litigation of the case. Id. That is, costs should not be awarded for depositions that were not utilized by the

court to decide the case. *Bathke v. Casey's Gen. Stores*, 64 F.3d 340, 347 (8th Cir. 1995) (noting that the award of fees was proper where the district court relied on the depositions in ruling on the summary judgment motion). Costs should not be awarded for the depositions of witnesses who live in the area and are available for trial: depositions of those witnesses are generally for discovery purposes and not for the purpose of utilizing the transcripts at trial. *Hempstead v. Georgia-Pacific Corp.*, 124 F.R.D. 202, 204-05 (W.D.Ark. 1989).

The most direct evidence of "necessity" is if the transcript was <u>used</u> in the court proceeding. *Ryther*, 864 F. Supp. at 1534. *See also, Uni-Systems, Inc. v. Delta Air Lines, Inc.*, No. 4-96-973, 2002 U.S. Dist. LEXIS 5618, at *6 (D. Minn. Mar. 28, 2002) (denying court reporter fees for transcripts because the court could not determine whether the transcripts were used in trial, were necessary for trial, were merely investigatory, or that they were reasonably necessary when taken).

Here, the depositions for which Met Council seeks reimbursement were taken for discovery purposes and were not necessarily obtained for use in the case. The Court entered judgment in this matter on defendants' motions for summary judgment. Many of the depositions for which Met Council seeks reimbursement are depositions taken by Xcel Energy of Met Council employees and witnesses. Transcripts of the depositions of Met Council employees and witnesses taken by the adverse party are hardly necessary for Met Council's use in the case. In lieu of relying on deposition testimony, Met Council chose to support its motion for summary judgment with affidavit testimony and documentary evidence – citing only one of the twenty-seven depositions for which it seeks reimbursement. Moreover, even the cited deposition (Glen Gauger) was not necessarily obtained for use in the case as Met Council also cited to an

Affidavit on the same point. Taxing costs for Met Council's discovery depositions must be rejected.

**II. PRINTING:**

Met Council seeks reimbursement in the amount of $1,335.19 for printing of its appellate brief and appendix. Taxation of appeal costs are governed by Federal Rule of Appellate Procedure 39 and Eighth Circuit Rule of Appellate Procedure 39A. Appellate printing costs are not taxable in the District Court. *See* FRAP 39(e).

**III. COPIES:**

Met Council seeks taxation of $12,255.23 in copying costs. Photocopy charges, to be awarded, must have been for "papers necessarily obtained" in the case. 28 U.S.C. §1920(4). *See also, Ryther,* 864 F. Supp. at 1534 (noting that deposition copies are taxable if they were "necessarily obtained for use in the case"). That is, copy costs should not be taxed if they were not used at trial. *Welsch v. Likins*, 68 F.R.D. 589, 597 (D. Minn. 1975) (noting that copying costs are properly awarded where: (1) copying expenses were limited, (2) where the copied documents were used extensively by the court and counsel, (3) where the copied documents were introduced into evidence, and (4) where the copied documents made the trial both shorter and inexpensive), aff'd, 525 F.2d 987 (8th Cir. 1975).

Pleadings which are "reasonably necessary for use in the case" include only "the court's copy of pleadings, motions and memoranda." *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill. 1982). Extra copies of filed papers are for the convenience of the attorneys, and therefore not taxable. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498-99 (8th Cir. 2002); *Independence Tube Corp.*, 543 F. Supp. at 722.. Further, under § 1920(4), plaintiffs cannot recover copying expenses that they incurred in "copying their own pleadings and motions for filing with the [c]ourt, serving on opposing counsel, or transmitting to

their clients; nor does [§1920(4)] cover [plaintiff's] copying of documents to be produced in discovery, or copying research materials for the convenience of counsel." *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp.2d 1088, 1093 (D. Minn. 1999) (quoting *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp.2d 1127, 1133 (E.D. Mo. 1998) (citations omitted)), aff'd, 226 F.3d 951 (8th Cir. 2000). *See also*, *Uni-Systems*, 2002 U.S. Dist. LEXIS 5618.

Met Council has failed to demonstrate that the $12,255.23 in copying expenses for which it seeks to tax Xcel Energy were necessarily obtained for use in the case. Met Council's Bill of Costs fails to distinguish copies filed with the court from copies of documents produced in discovery, copies of research materials, copies to counsel, or copies for Met Council's own convenience. Over $12,000 in copying charges represents tens of thousands of copies. This volume of copying is likely orders of magnitude beyond the papers filed with the court by all parties, let alone by Met Council. Met Council has utterly failed to establish that the copying charges submitted with the Bill of Costs were necessarily obtained for use in the case. Accordingly copying charges cannot be taxed.

## IV. EXPERTS:

Met Council seeks $25,403.95 in consulting fees. Expert witness fees taxable under §1920(3) are fees prescribed by 28 U.S.C. § 1821, and §1821(b) limits that payment to a $40 per day attendance fee, reasonable travel expenses and if overnight accommodations are required, a subsistence allowance. *Shimek v. Weinig AG*, No. 99-2015, 2003 U.S. Dist. LEXIS 2160, at *4 (D. Minn. Feb. 10, 2003) (citing § 1821(c), (d)). The traditional Eighth Circuit rule was that expert witness fees beyond the statutory allowance may be recovered as costs only "when the expert's *testimony* was crucial to the issues decided." *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir. 1985) (quoting *Coleman v. City of Omaha*, 714 F.2d 804, 809 (8th Cir. 1983)) (emphasis added). Thus, "[a] district court should…carefully scrutinize the prevailing party's

bill of costs in order to assure that any award will compensate those expenditures necessary to the litigation." *Id.* at 506 (quoting *Roberts v. S.S. Kyriakoula D. Lemos*, 651 F.2d 201, 206 (3d Cir. 1981)). However, the Eighth Circuit Court of Appeals allows taxation of expert witness fees in excess of the statutory allowance only where expressly authorized by statute or agreement. *Martino v. United States*, No. 95-748, 2002 U.S. Dist. LEXIS 4754, at *7-8 (D. Minn. Mar. 20, 2002) (quoting *Gilbert v. City of Little Rock, Ark.*, 709 F. Supp. 856, 862 (E.D. Ark. 1987), *aff'd*, 867 F.2d 1062 (8th Cir. 1989)). *See also, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (holding that § 1920 does not permit a federal court, *sua sponte*, to exceed the limitations set forth in §§ 1920 and 1821 without express statutory permission).

Section 1920 permits payment of the statutory fee only for attendance, not for consultation or for other services of experts. *Uni-Systems*, 2002 U.S. Dist. LEXIS 5618, at *7-8 (noting that plaintiff is only entitled to $40 statutory fee where expert appeared at trial for one day). *See also, Ryther*, 864 F. Supp. at 1534 (holding that costs associated with mere preparation of an expert witness are not recoverable).

Defendants are entitled to $40 per day for each day that each expert testified at a trial. 28 U.S.C. § 1821. Here, Met Council's consultants did not testify at trial. Therefore, none of Met Council's expert fees are taxable.

## V. INJUNCTION BOND PREMIUMS:

Met Council seeks reimbursement of $57,350 for premiums paid for defendant's Temporary Injunction Bond. While appeal or supersedeas bond premiums may be taxed as costs, injunction bond premiums are not taxable costs. *See, Kroger Grocery & Bakery Co. v. Martin*, 97 F.2d 348 (6th Cir. 1938). No part of the temporary injunction bond premiums that Met Council incurred may be taxed as costs under 28 U.S.C. §1920(4).

Injunction bond premiums are taxable as costs where there is a usage, custom, or practice in the district permitting such taxation, but are not taxable where there is no such usage, custom, or practice. *Id.* The court in *Kroger* noted that taxation of surety bond premiums as part of the taxable cost to the prevailing parties had been sustained only upon the ground that it was sanctioned by custom and usage in the circuit where taxed, pointing out that the Second Circuit had followed such usage for many years. *Id.*

The district of Minnesota does not follow a custom or practice for taxing injunction bond premiums, even though such bonds are compulsory. In the absence of such custom, injunction bond premiums are not taxable as costs. Accordingly, Met Council's demand for taxation of injunction bond premium expenses must be denied.

## VI. CONCLUSION:

With respect to the items set forth above, Plaintiff respectfully requests that the Clerk of Courts deny taxation of the costs sought by Met Council.

Dated: July 1, 2004

**BRIGGS AND MORGAN, P.A.**

By s/ Thomas J. Basting, Jr.

Timothy R. Thornton (#109630)
Thomas J. Basting, Jr. (#283691)
2200 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
(612) 977-8400