Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

Bradley L. NELSON, d/b/a Nelson Bear Lake Farms, Inc., Respondent,
v.
Julie **BONNSTETTER,** et al., Appellants.

**No. C8-97-787.**

Nov. 25, 1997.

Murray County District Court File No. CX9624

James R. Anderson, 1212 East College Drive, P.O. Box 1196, Marshall, MN 56258 (for respondent)

Joseph H. Louwagie, Runchey, Louwagie & Wellman, P.L.L.P., 533 West Main Street, P.O. Box 1043, Marshall, MN 56258 (for appellants)

Considered and decided by PETERSON, Presiding Judge, KLAPHAKE, Judge, and DAVIES, Judge.

PETERSON, Judge

***1** Appellants challenge the trial court's award of attorney fees pursuant to a clause in their lease of land. We affirm.

FACTS

Appellant Julie **Bonnstetter** entered into a written lease with respondent Bradley Nelson for the rental of farmland in Murray County. Before signing the lease, appellant Larry **Bonnstetter** met with Nelson to negotiate terms. When the **Bonnstetters** did not pay the second installment of rent when due, Nelson sued to collect rents, attorney fees, and other collection expenses. After a trial addressing all issues except attorney fees, the jury returned a verdict substantially in favor of Nelson, awarding him $29,038.61. Following a posttrial hearing, the trial court awarded Nelson $12,870.50 in attorney fees. The trial court based this award on two clauses in the lease. The first clause states:

> In the event of any rents due hereon being collected by suit, the second party **[Bonnstetter]** further agrees to pay all expenses which may be incurred thereby.

The second clause provides that the crops will be security for payment of rent and performance of other contractual duties. The second clause further states:

> Upon any default on the part of said second party **[Bonnstetter]** in paying said rent or in performing any of the covenants of this lease, and at any time thereafter, said first party [Nelson] shall have, in addition to the rights and remedies granted hereby, all rights and remedies of a secured party under the Uniform Commercial Code or other applicable law, and said first party may require said second party to assemble said property and make it available to said first party at a place to be convenient to both parties. Expenses of retaking, holding, preparing for sale, selling and the like, shall include the reasonable attorney's fees and legal expenses of said first party.

DECISION

The construction and effect of a contract are questions of law for the court. *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn.1979). "Whether a contract is ambiguous is a legal determination in the first instance." *Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn.1982). A

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit C

reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost-Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Attorney fees generally are not recoverable unless authorized by statute or contract. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983).

The trial court found that the award of attorney fees was supported by both clauses in the lease. **Bonnstetters** argue that the court should not have relied on the second clause because it only applies to actions to retake possession of the crops and does not apply to this action to collect unpaid rent. **Bonnstetters** argue that Nelson must rely exclusively on the first clause, which applies to suits to collect rent, and does not specifically refer to attorney fees as does the second clause.

***2** The first clause permits recovery of "all expenses" incurred in suits to collect rent. The trial court found that "all expenses" includes attorney fees, even though the term "attorney fees" is not used in the clause. Courts have held that "expenses" includes attorney fees. *See Security Mut. Cas. Co. vs. Luthi,* 303 Minn. 161, 170, 226 N.W.2d 878, 884 (Minn.1975); *Ohio Cas. Ins. Co. vs. Terrace Enters., Inc.*, 260 N.W.2d 450, 456 (Minn.1977); *Proprietors Ins. Co. v. Northwestern Nat'l Bank of Minneapolis,* 374 N.W.2d 772, 777 (Minn.App.1985). Attorney fees are a common expense in a lawsuit and need not be referred to specifically to be recoverable. In contrast, attorney fees are not necessarily contemplated in the recovery of secured property, and thus were specifically mentioned in the second clause. Even if the second clause is not relied on, attorney fees were properly awarded under the first clause, which permits recovery of "all expenses" in recovering rents.

**Bonnstetters** argue for the first time on appeal that the first clause is ambiguous.

> A reviewing court must generally consider "only those issues that the record shows were presented and considered by the trial court in deciding the matter before it."

*Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (quoting *Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982)). We, therefore, do not consider this issue. Even if we were to consider the issue, in light of the substantial case law holding that "expenses" includes attorney fees, there is no valid basis for concluding that the clause is ambiguous.

**Bonnstetters** also argue that because no claims of bad faith were asserted against them, attorney fees were inappropriately awarded. The absence of claims of bad faith, however, does not affect our analysis because the fees were recovered pursuant to the lease, and the lease did not limit recovery of attorney fees to claims involving bad faith. Nelson never sought to recover fees under a statute or Minn. R. Civ. P. 11.

Finally, **Bonnstetters** argue that the trial court erroneously relied on *Dewey v. Henry's Drive-Ins of Minn., Inc.,* 301 Minn. 366, 222 N.W.2d 553 (Minn.1974). *Dewey* involved construction of a lease guarantee agreement rather than a lease. The lease that was guaranteed specifically permitted the recovery of attorney fees, but the guarantee agreement did not specifically refer to attorney fees. The supreme court held

> that the language of the guaranty "unconditionally guarantee[d] the payment of rents, all monies and damages to which lessor would be entitled under said Lease," is sufficiently broad to include lessee's duty to pay attorney fees under [the lease].

*Id.* at 373, 557.

***3** We agree with **Bonnstetters** that *Dewey* is factually different from this case. But the factual differences do not lead us to conclude that attorney fees may only be recovered under a contract if the contract specifically refers to attorney fees. Although the guarantee agreement in *Dewey* did not specifically refer to attorney fees, the supreme court concluded that the broad language of the agreement included attorney fees.

Affirmed.

1997 WL 729217 (Minn.App.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.