# MINNESOTA RULES

## 2003

Including administrative rules
of state agencies adopted
as of October 6, 2003

Compiled, edited, and published by
the Revisor of Statutes,
State of Minnesota

OFFICIAL PUBLICATION
OF THE
STATE OF MINNESOTA

EXHIBIT F

legitimate local zoning applicable to control of advertising devices within legally zoned commercial or industrial areas. All requests for certification shall include information regarding regulation of size, lighting, spacing, and annual permit requirements as well as all pertinent information required to properly evaluate the application.

All certification shall apply to the then existing boundaries of the zoning authority and any further addition or elimination of land will be treated on an individual basis under the provisions of Minnesota Statutes, section 173.16, subdivision 2. All requests for certification shall include a copy of the minutes or procedure authorizing the zoning authority to request such certification from the commissioner of transportation.

All certification shall be on an annual basis and shall be based upon local enforcement. Failure to enforce may result in revocation of certification.

**Statutory Authority:** *MS s 173.01; 173.06*

## UTILITIES EQUIPMENT

### 8810.3100 DEFINITIONS.

Subpart 1. **Interstate highways.** Under this order "interstate highways" shall mean all trunk highways which are a part of the interstate system.

Subp. 2. **Noninterstate highways.** Under this order "noninterstate highways" shall mean all trunk highways which are not a part of the interstate system.

Subp. 3. **Trunk highways.** Under this order "trunk highways"shall mean all trunk highways including those which are a part of the interstate system.

Subp. 4. **Utility.** Under this order "utility" shall mean and include all privately, publicly, or cooperatively owned communication lines and facilities, any systems, lines, and facilities for the distribution and transmission of electrical energy, oil, gas, water, sewer, steam, and other pipe lines, railways, ditches, flumes, or other structures which under the laws of this state or the ordinance of any village or city may be constructed, placed, or maintained across, along, or on trunk highway right-of-way. Dependent upon the meaning intended in the context, "utility" shall also mean the utility company, inclusive of any wholly owned subsidiary.

**Statutory Authority:** *MS s 161.45*

### 8810.3200 PURPOSE AND SCOPE.

Subpart 1. **Purpose.** The purpose of parts 8810.3100 to 8810.3600 is to carry out the mandate of the legislature and to effectuate that mandate as set forth in the Laws of Minnesota 1959, chapter 500, article II, section 45 (Minnesota Statutes, section 161.45) with reference to the placing, constructing, reconstructing, and maintaining of utilities across, along, upon, or under the right-of-way of trunk highways.

Subp. 2. **Scope.** The scope of parts 8810.3100 to 8810.3600 is confined within the framework of and consistent with the Laws of Minnesota 1959, chapter 500, article II, section 45.

**Statutory Authority:** *MS s 161.45*

### 8810.3300 PERMITS.

D.1 Subpart 1. **Construction.** Except as otherwise permitted, utility construction and relocation on trunk highway right-of-way shall not be commenced until an application for a permit for construction has been made and such permit granted. The permit for construction sketch shall show the location of the proposed utility with reference to pertinent features such as the right-of-way lines, curb lines, trunk highway center line, etc. A copy of the sketch shall be provided for each copy of such permit. Prints of trunk highway right-of-way maps are available upon request from the Road Plans Information Office, Department of Transportation Building, Saint Paul, Minnesota 55155.

D.9 Subp. 2. **Maintenance.** The utility shall obtain a work permit from the office of the assistant district engineer, maintenance, prior to performing service and maintenance

operations on the interstate highways and shall also obtain a work permit prior to performing service and maintenance operations on the noninterstate highways when such operations require opening and disturbing the surface of the right-of-way thereof. In all other instances the utility shall notify the office of the assistant district engineer, maintenance, prior to performing service and maintenance operations on the noninterstate highways which interfere with the normal flow of traffic thereon. However, the company may perform service and maintenance operations on the trunk highways including opening and disturbing the surface of the right-of-way without a work permit in those instances where an emergency exists that is dangerous to the life or safety of the public and which requires immediate repair. The utility upon knowledge of such an emergency shall immediately notify the State Patrol Division. The utility shall take all necessary and reasonable safety measures to protect the traveling public and shall cooperate fully with the State Patrol Division to that end. The utility in such an event will request a work permit from the office of the assistant district engineer, maintenance, not later than the second working day thereafter when a work permit would ordinarily have been required but for the emergency.

D. 10 Subp. 3. **Orders to make improvements.** If at any time the state of Minnesota, acting through its commissioner of transportation, shall deem it necessary to make any improvements or changes on all or any part of the right-of-way of the trunk highway which affect a utility located on trunk highway right-of-way, then and in such event, the owner of the utility shall within 15 days after written notice from the commissioner of transportation or an authorized agent, proceed to alter, change, vacate, or remove said utility from the trunk highway right-of-way so as to conform to said trunk highway changes and as directed by the commissioner of transportation. Such work shall be done without any cost whatsoever to the state of Minnesota except as otherwise provided by law or agreement and shall be completed within the date specified in said written notice, which date shall be reasonable under the circumstances. The utility shall assume all liability and save the state of Minnesota harmless from any and all claims of damage of any nature whatsoever occasioned by reason of not having removed said utility within the time specified in said notice. Notwithstanding the provisions of parts 8810.3100 to 8810.3600, the state may reimburse a municipality for the cost of the first relocation of a municipally owned utility located within the limits of a municipal street at the time that the street was taken over by the state as a trunk highway, when such relocation is required by construction or reconstruction of the trunk highway.

D.7 Subp. 4. **Along interstate highways.** Utilities along the interstate highways shall be located outside the control-of-access lines except as outlined below. Where the control-of-access lines coincide with the right-of-way lines, the utilities shall generally be located on private property. Where the control-of-access lines and right-of-way lines do not coincide, utilities may in general be located in the area between them. All utilities shall be serviced and maintained without access from the ramps, loops, and through traffic roadbeds. Utilities may be serviced from frontage roads and roads other than another interstate highway which cross either over or under the interstate highway. At aerial crossings of an interstate highway, supporting poles may be located on interstate highway right-of-way if they are a minimum of 30 feet beyond the shoulders of all through traffic roadbeds; however, in no event shall they be located in a median unless its width is 80 feet or more. Manholes and other points of access to underground crossings may be permitted on the interstate highway right-of-way only when located outside the shoulders of the through traffic roadbeds, loops, or ramps. The restrictions of this subpart shall not apply to utility lines which service facilities required for operating the interstate highway.

There may be extreme cases where, under strictly controlled conditions, a utility may be permitted inside the control-of-access lines along an interstate highway. In each case there must be a showing that any other utility location is extremely difficult and unreasonably costly to the utility consumer, that the installation on the right-of-way of the interstate highway will not adversely affect the design, construction, stability, traffic safety, or operation of the interstate highway and that the utility can be serviced without access from through traffic roadbeds, loops, or ramps.

D.12 Subp. 5. **Deposit, bond, or undertaking.** The commissioner of transportation may require the utility, or its contractor, to furnish a deposit in the form of a certified check, a surety bond or corporate undertaking in favor of the state of Minnesota, commissioner of transportation, for any expense incurred by the state in the repairing of damage to any portion of the trunk highway right-of-way caused by work performed under a work permit or a permit for construction, including any out of the ordinary engineering supervision and inspection expense provided by the state. In those instances wherein a deposit is required, the amount of the deposit shall be specified in the special provisions of the permit. If a check is furnished, any moneys remaining over and above such expense shall be returned to the applicant.

D.11 Subp. 6. **Liability.** Except for the negligent acts of the state, its agents, and employees, the utility shall assume all liability for, and save the state, its agents and employees, harmless from, any and all claims for damages, actions, or causes of action arising out of the work to be done herein and the continuing uses by the utility, including but not limited to the placing, constructing, reconstructing, maintaining, and using of said utility under this application and permit for construction.

D.13 Subp. 7. **No easement.** The work permit or permit for construction as issued does not in any way imply an easement on private property.

**Statutory Authority:** *MS s 161.45*
**History:** *17 SR 1279*

**8810.3400 STANDARDS FOR WORK CONDUCTED UNDER PERMIT.**

Subpart 1. **Trees, brush, and vegetation.** At the time of construction of the utility and at the times of subsequent maintenance, prior approval shall be obtained from the district engineer or an authorized representative for the cutting and trimming of trees within the trunk highway right-of-way. Wherever trees are cut the resulting stumps shall be removed unless otherwise provided in the special provisions of the permit for construction. Any holes caused by stump removal shall be backfilled, the area leveled, and all materials associated therewith disposed of outside the trunk highway right-of-way. The utility shall advise the district engineer or an authorized representative at least 48 hours in advance of its intent to start clearing and grubbing operations so that proper supervision can be provided.

Burning or disking operations and/or the use of chemicals to control or kill trees, brush, and other vegetation is prohibited without prior approval from the assistant district engineer, maintenance.

Subp. 2. **Waterways.** All waterways and lines of drainage shall remain operative.

Subp. 3. **Topsoil and sod.** Wherever topsoil and sod are disturbed they shall be replaced and maintained satisfactorily until the turf is established.

Subp. 4. **Existing utility facilities.** The utility facility and installation shall not interfere with any existing utility facilities on the trunk highway right-of-way.

Subp. 5. **Warning devices.** When necessary, barricades, warning devices, and flaggers shall be provided by the utility during all phases of their construction and maintenance operations on the trunk highway right-of-way.

Subp. 6. **Restoration to original condition.** Upon completion of an installation, the utility shall restore the trunk highway right-of-way to its original condition. The utility shall then notify the office of the assistant district engineer, maintenance, or project engineer of the completion of the work so that inspection can be made to determine its acceptability.

Subp. 7. **Conformity.** The installations shall be made in conformity with all applicable laws, rules, and codes covering said installations. All installations shall be made in conformity with rules of governmental agencies for the protection of the public.

**Statutory Authority:** *MS s 161.45*
**History:** *17 SR 1279*

# MINNESOTA STATE REGULATIONS

Rules and Regulations of

# THE DEPARTMENT OF HIGHWAYS

1974 EDITION

Cite the rules and regulations as:
(for example)
*Minn. Reg. Hwy. 12*

Distributed by
DOCUMENTS SECTION, DEPARTMENT OF ADMINISTRATION
Room 140 Centennial Building, St. Paul, Minnesota 55155

14

# CONTENTS


| Regulation | TITLE |
|---|---|
| Hwy 1 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 2 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 3 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 4 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 5 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 6 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 7 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 8 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 9 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 10 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 11 | **Controlled Use Order No. 30757.**<br>*Filed with the Secretary of State and Commissioner of Administration.............June 16, 1964*<br>*Adopted prior to Laws of Minnesota 1963, Chapter 822* |
| Hwy 12 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 13 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 14 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 15 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 16 | *(Transferred, Laws of Minnesota 1969, c. 1129, Art. X, Sec. 1)* |
| Hwy 17-31 | **Reserved for future use.** |
| Hwy 32 | **Rules and Regulations for State-Aid Operations under Minnesota Statutes 1965, Chapters 161 and 162, as amended.**<br>*Filed with the Secretary of State and Commissioner of Administration..........January 25, 1968*<br>*Approved as to form and legality by the Attorney General.....................January 23, 1968* |
| Hwy 33 | **Rules and Regulations for Utilities on Trunk Highways under Chapter 500 Laws of 1959.**<br>*Filed with the Secretary of State and Commissioner of Administration.............June 16, 1964*<br>*Approved as to form and legality by the Attorney General .......................May 4, 1961* |
| Hwy 34 | *(Repealed, Laws of Minnesota 1971, Chapter 883)* |
| Hwy 35 | *(Repealed, Laws of Minnesota 1971, Chapter 883)* |

(ii) In the event that the board recommends a project covering research in methods of and materials for the construction and maintenance of both the County State-Aid Highway System and the Municipal State-Aid Street System, the board shall also recommend to the Commissioner the proportionate share of the cost of such project to be borne by the respective County State-Aid Highway Research Account and the Municipal State-Aid Street Research Account, based on the benefits to be realized by each system from such research project.

(m) Personal expenses of authorized board or committee members. The Commissioner will authorize the payment of all necessary personal expenses in connection with meetings of board and committee members, appointed by him for State-Aid purposes. These expenses shall be reported on forms furnished by the Commissioner and paid from the State-Aid Administrative Fund.

(n) Identification and numbering. The Commissioner is authorized and empowered to change the numbering system of the approved Rules and Regulations.

**Hwy 33 Rules and Regulations for Utilities on Trunk Highways under Chapter 500 Laws of 1959**

(a) Purpose. The purpose of Minn. Reg. Hwy. 33 is to carry out the mandate of the legislature and to effectuate that mandate as set forth in the Laws of Minnesota 1959, Chapter 500, Article II, Section 45 with reference to the placing, constructing, reconstructing and maintaining of utilities across, along, upon or under the right of way of trunk highways.

(b) Scope. The scope of Minn. Reg. Hwy. 33 is confined within the framework of and consistent with the Laws of Minnesota 1959, Chapter 500, Article II, Section 45.

(c) Definitions

(1) Utility. Under this order "utility" shall mean and include all privately, publicly or co-operatively owned communication lines and facilities, any systems, lines and facilities for the distribution and transmission of electrical energy, oil, gas, water, sewer, steam and other pipe lines, railways, ditches, flumes or other structures which under the laws of this State or the ordinance of any village or city may be constructed, placed or maintained across, along or on trunk highway right of way. Dependent upon the meaning intended in the context, "Utility" shall also mean the utility company, inclusive of any wholly owned subsidiary.

(2) Interstate highways. Under this order "interstate highways" shall mean all trunk highways which are a part of the Interstate System.

(3) Non-interstate highways. Under this order "non-interstate highways" shall mean all trunk highways which are not a part of the Interstate System.

(4) Trunk highways. Under this order "trunk highways" shall mean all trunk highways including those which are a part of the Interstate System.

(d) General

(1) Except as otherwise permitted, utility construction and relocation on trunk highway right of way shall not be commenced until an application

for a Permit for construction has been made and such Permit granted. The Permit for construction sketch shall show the location of the proposed utility with reference to pertinent features such as the right of way lines, curb lines, trunk highway center line, etc. A copy of the sketch shall be provided for each copy of such Permit. Prints of trunk highway right of way maps are available upon request from the Utilities and Agreements Engineer of the Road Design Section of the Department of Highways at the State Highway Building, St. Paul, Minnesota 55155.

(2) Burning or disking operations and/or the use of chemicals to control or kill trees, brush and other vegetation is prohibited without prior approval from the Assistant District Engineer, Maintenance.

(3) All waterways and lines of drainage shall remain operative.

(4) Wherever topsoil and sod are disturbed they shall be replaced and maintained satisfactorily until the turf is established.

(5) The utility facility and installation shall not interfere with any existing utility facilities on the trunk highway right of way.

(6) When necessary, barricades, warning devices and flagmen shall be provided by the Utility during all phases of their construction and maintenance operations on the trunk highway right of way.

(7) Utilities along the interstate highways shall be located outside the control of access lines except as outlined below. Where the control of access lines coincide with the right of way lines, the utilities shall generally be located on private property. Where the control of access lines and right of way lines do not coincide, utilities may in general be located in the area between them. All utilities shall be serviced and maintained without access from the ramps, loops and through traffic roadbeds. Utilities may be serviced from frontage roads and roads other than another interstate highway which cross either over or under the interstate highway. At aerial crossings of an interstate highway, supporting poles may be located on interstate highway right of way if they are a minimum of thirty feet beyond the shoulders of all through traffic roadbeds; however, in no event shall they be located in a median unless its width is eighty feet or more. Manholes and other points of access to underground crossings may be permitted on the interstate highway right of way only when located outside the shoulders of the through traffic roadbeds, loops or ramps. The restrictions of this paragraph shall not apply to utility lines which service facilities required for operating the interstate highway.

There may be extreme cases where, under strictly controlled conditions, a utility may be permitted inside the control of access lines along an interstate highway. In each case there must be a showing that any other utility location is extremely difficult and unreasonably costly to the utility consumer, that the installation on the right of way of the interstate highway will not adversely affect the design, construction, stability, traffic safety or operation of the interstate highway and that the utility can be serviced without access from through traffic roadbeds, loops or ramps.

(8) At the time of construction of the utility and at the times of subsequent maintenance, prior approval shall be obtained from the District Engineer or his authorized representative for the cutting and trimming of trees within the trunk highway right of way. Wherever trees are cut the resulting

stumps shall be removed unless otherwise provided in the Special Provisions of the Permit for construction. Any holes caused by stump removal shall be backfilled, the area leveled and all materials associated therewith disposed of outside the trunk highway right of way. The utility shall advise the District Engineer or his authorized representative at least 48 hours in advance of its intent to start clearing and grubbing operations so that proper supervision can be provided.

(9) The Utility shall obtain a Work Permit from the office of the Assistant District Engineer, Maintenance, prior to performing service and maintenance operations on the interstate highways and shall also obtain a Work Permit prior to performing service and maintenance operations on the non-interstate highways when such operations require opening and disturbing the surface of the right of way thereof. In all other instances the Utility shall notify the office of the Assistant District Engineer, Maintenance, prior to performing service and maintenance operations on the non-interstate highways which interfere with the normal flow of traffic thereon. However, the Company may perform service and maintenance operations on the trunk highways including opening and disturbing the surface of the right of way without a Work Permit in those instances where an emergency exists that is dangerous to the life or safety of the public and which requires immediate repair. The Utility upon knowledge of such an emergency shall immediately notify the State Highway Patrol. The Utility shall take all necessary and reasonable safety measures to protect the traveling public and shall cooperate fully with the State Highway Patrol to that end. The Utility in such an event will request a Work Permit from the office of the Assistant District Engineer, Maintenance, not later than the second working day thereafter when a Work Permit would ordinarily have been required but for the emergency.

(10) If at any time the State of Minnesota, acting through its Commissioner of Highways, shall deem it necessary to make any improvements or changes on all or any part of the right of way of the trunk highway which affect a utility located on trunk highway right of way, then and in such event, the owner of the utility shall within 15 days after written notice from the Commissioner of Highways or his authorized agent, proceed to alter, change, vacate or remove said utility from the trunk highway right of way so as to conform to said trunk highway changes and as directed by the Commissioner of Highways. Such work shall be done without any cost whatsoever to the State of Minnesota except as otherwise provided by law or agreement and shall be completed within the date specified in said written notice, which date shall be reasonable under the circumstances. The Utility shall assume all liability and save the State of Minnesota harmless from any and all claims of damage of any nature whatsoever occasioned by reason of not having removed said utility within the time specified in said notice. Notwithstanding the provisions of this Section, the State may reimburse a municipality for the cost of the first relocation of a municipally owned utility located within the limits of a municipal street at the time that the street was taken over by the State as a trunk highway, when such relocation is required by construction or reconstruction of the trunk highway.

(11) Except for the negligent acts of the State, its agents and employees, the Utility shall assume all liability for, and save the State, its agents and employees, harmless from, any and all claims for damages, actions or causes of action arising out of the work to be done herein and the continuing uses by the Utility, including but not limited to the placing, constructing, recon-

structing, maintaining and using of said utility under this application and Permit for construction.

(12) The Commissioner of Highways may require the Utility, or its contractor, to furnish a deposit in the form of a certified check, a surety bond or corporate undertaking, in favor of the State of Minnesota, Commissioner of Highways, for any expense incurred by the State in the repairing of damage to any portion of the trunk highway right of way caused by work performed under a Work Permit of a Permit for construction, including any out of the ordinary engineering supervision and inspection expense provided by the State. In those instances wherein a deposit is required, the amount of the deposit shall be specified in the Special Provisions of the Permit. If a check is furnished, any monies remaining over and above such expense shall be returned to the applicant.

(13) The Work Permit or Permit for construction as issued does not in any way imply an easement on private property.

(14) The installations shall be made in conformity with all applicable laws, regulations and codes covering said installations. All installations shall be made in conformity with regulations of governmental agencies for the protection of the public.

(15) Upon completion of an installation, the Utility shall restore the trunk highway right of way to its original condition. The Utility shall then notify the office of the Assistant District Engineer, Maintenance, or Project Engineer of the completion of the work so that inspection can be made to determine its acceptability.

(e) Aerial

(1) There shall be only a single pole line on the trunk highway right of way on either side of the center line thereof, unless otherwise authorized in the Special Provisions of the Permit for construction.

(2) Longitudinal installations on non-interstate trunk highways shall normally be located in the outer five feet of the right of way. At crossings of the non-interstate trunk highway, poles shall be placed at a minimum of thirty feet from the shoulder lines of the through roadbeds unless right of way widths are prohibitive to such location.

(3) Unless clearly indicated on the Permit for construction sketch, the location of all brace poles, anchors and anchor poles within the limits of the trunk highway right of way shall be approved by the District Engineer or his authorized representative prior to actual installation.

(4) In those instances in which a Utility is issued a Permit or Permits for construction on both sides of the trunk highway right of way in a given area, such Permit is conditioned upon the Utility subsequently providing joint use to other Utilities upon reasonable terms mutually agreeable to the Utilities.

(f) Underground

(1) All crossings of the roadbeds of the trunk highways shall be made by boring inside a casing or carrier pipe, or by jacking, unless this procedure is modified in the Special Provisions of the Permit for construction. The auger shall not lead the casing or carrier pipe by more than one inch. Open trenching shall be restricted to the area from 5 feet beyond the shoulder to

12/20/2004 11:34 FAX 651 296 6740 MN STATE LAW LIBRARY

MINNESOTA ADMINISTRATIVE
RULES AND REGULATIONS

# Rules and Regulations relating to CIGARETTE AND TOBACCO PRODUCTS TAXES

## Department of Taxation

1966 EDITION

Cite the rules and regulations as:
(for example)
*Minn. Reg. Tax-Cig 22*

Distributed by
DOCUMENTS SECTION, DEPARTMENT OF ADMINISTRATION
Room 140 Centennial Office Building, St. Paul, Minnesota 55101

NOT[illegible] MAY BE PROTECTED
BY C[illegible] (TITLE 17 U.S. CODE)

NOTICE: THIS MATERIAL MAY BE PROTECTED
BY COPYRIGHT LAW (TITLE 17 U.S. CODE)

Street System, the board shall also recommend to the Commissioner the proportionate share of the cost of such project to be borne by the respective County State-Aid Highway Research Account and the Municipal State-Aid Street Research Account, based on the benefits to be realized by each system from such research project.

(m) Personal expenses of authorized board or committee members. The Commissioner will authorize the payment of all necessary personal expenses in connection with meetings of board and committee members, appointed by him for State-Aid purposes. These expenses shall be reported on forms furnished by the Commissioner and paid from the State-Aid Administrative Fund.

(n) Identification and numbering. The Commissioner is authorized and empowered to change the numbering system of the approved Rules and Regulations.

**Hwy 33 Rules and Regulations for Utilities on Trunk Highways under Chapter 500 Laws of 1959**

(a) Purpose. The purpose of Minn. Reg. Hwy. 33 is to carry out the mandate of the legislature and to effectuate that mandate as set forth in the Laws of Minnesota 1959, Chapter 500, Article II, Section 45 with reference to the placing, constructing, reconstructing and maintaining of utilities across, along, upon or under the right of way of trunk highways.

(b) Scope. The scope of Minn. Reg. Hwy. 33 is confined within the framework of and consistent with the Laws of Minnesota 1959, Chapter 500, Article II, Section 45.

(c) Definitions

(1) Utility. Under this order "utility" shall mean and include all privately, publicly or co-operatively owned communication lines and facilities, any systems, lines and facilities for the distribution and transmission of electrical energy, oil, gas, water, sewer, steam and other pipe lines, railways, ditches, flumes or other structures which under the laws of this State or the ordinance of any village or city may be constructed, placed or maintained across, along or on trunk highway right of way. Dependent upon the meaning intended in the context, "Utility" shall also mean the utility company, inclusive of any wholly owned subsidiary.

(2) Interstate highways. Under this order "interstate highways" shall mean all trunk highways which are a part of the Interstate System.

(3) Non-interstate highways. Under this order "non-interstate highways" shall mean all trunk highways which are not a part of the Interstate System.

(4) Trunk highways. Under this order "trunk highways" shall mean all trunk highways including those which are a part of the Interstate System.

(d) General

(1) Except as otherwise permitted, utility construction and relocation on trunk highway right of way shall not be commenced until an application for a Permit for construction has been made and such Permit granted. The Permit for construction sketch shall show the location of the proposed utility with reference to pertinent features such as the right of way lines,

curb lines, trunk highway center line, etc. A copy of the sketch shall be provided for each copy of such Permit. Prints of trunk highway right of way maps are available upon request from the Utilities and Agreements Engineer of the Road Design Section of the Department of Highways at the State Highway Building, St. Paul, Minnesota 55101.

(2) Burning or disking operations and/or the use of chemicals to control or kill trees, brush and other vegetation is prohibited without prior approval from the Assistant District Engineer, Maintenance.

(3) All waterways and lines of drainage shall remain operative.

(4) Wherever topsoil and sod are disturbed they shall be replaced and maintained satisfactorily until the turf is established.

(5) The utility facility and installation shall not interfere with any existing utility facilities on the trunk highway right of way.

(6) When necessary, barricades, warning devices and flagmen shall be provided by the Utility during all phases of their construction and maintenance operations on the trunk highway right of way.

(7) Utilities along the interstate highways shall be located outside the control of access lines except as outlined below. Where the control of access lines coincide with the right of way lines, the utilities shall generally be located on private property. Where the control of access lines and right of way lines do not coincide, utilities may in general be located in the area between them. All utilities shall be serviced and maintained without access from the ramps, loops and through traffic roadbeds. Utilities may be serviced from frontage roads and roads other than another interstate highway which cross either over or under the interstate highway. At aerial crossings of an interstate highway, supporting poles may be located on interstate highway right of way if they are a minimum of thirty feet beyond the shoulders of all through traffic roadbeds; however, in no event shall they be located in a median unless its width is eighty feet or more. Manholes and other points of access to underground crossings may be permitted on the interstate highway right of way only when located outside the shoulders of the through traffic roadbeds, loops or ramps. The restrictions of this paragraph shall not apply to utility lines which service facilities required for operating the interstate highway.

There may be extreme cases where, under strictly controlled conditions, a utility may be permitted inside the control of access lines along an interstate highway. In each case there must be a showing that any other utility location is extremely difficult and unreasonably costly to the utility consumer, that the installation on the right of way of the interstate highway will not adversely affect the design, construction, stability, traffic safety or operation of the interstate highway and that the utility can be serviced without access from through traffic roadbeds, loops or ramps.

(8) At the time of construction of the utility and at the times of subsequent maintenance, prior approval shall be obtained from the District Engineer or his authorized representative for the cutting and trimming of trees within the trunk highway right of way. Wherever trees are cut the resulting stumps shall be removed unless otherwise provided in the Special Provisions of the Permit for construction. Any holes caused by stump removal shall be backfilled, the area leveled and all materials associated therewith disposed

of outside the trunk highway right of way. The utility shall advise the District Engineer or his authorized representative at least 48 hours in advance of its intent to start clearing and grubbing operations so that proper supervision can be provided.

(9) The Utility shall obtain a Work Permit from the office of the Assistant District Engineer, Maintenance prior to performing service and maintenance operations on the interstate highways and shall also obtain a Work Permit prior to performing service and maintenance operations on the non-interstate highways when such operations require opening and disturbing the surface of the right of way thereof. In all other instances the Utility shall notify the office of the Assistant District Engineer, Maintenance, prior to performing service and maintenance operations on the non-interstate highways which interfere with the normal flow of traffic thereon. However, the Company may perform service and maintenance operations on the trunk highways including opening and disturbing the surface of the right of way without a Work Permit in those instances where an emergency exists that is dangerous to the life or safety of the public and which requires immediate repair. The Utility upon knowledge of such an emergency shall immediately notify the State Highway Patrol. The Utility shall take all necessary and reasonable safety measures to protect the traveling public and shall cooperate fully with the State Highway Patrol to that end. The Utility in such an event will request a Work Permit from the office of the Assistant District Engineer, Maintenance, not later than the second working day thereafter when a Work Permit would ordinarily have been required but for the emergency.

(10) If at any time the State of Minnesota, acting through its Commissioner of Highways, shall deem it necessary to make any improvements or changes on all or any part of the right of way of the trunk highway which affect a utility located on trunk highway right of way, then and in such event, the owner of the utility shall within 15 days after written notice from the Commissioner of Highways or his authorized agent, proceed to alter, change, vacate or remove said utility from the trunk highway right of way so as to conform to said trunk highway changes and as directed by the Commissioner of Highways. Such work shall be done without any cost whatsoever to the State of Minnesota except as otherwise provided by law or agreement and shall be completed within the date specified in said written notice, which date shall be reasonable under the circumstances. The Utility shall assume all liability and save the State of Minnesota harmless from any and all claims of damage of any nature whatsoever occasioned by reason of not having removed said utility within the time specified in said notice. Notwithstanding the provisions of this Section, the State may reimburse a municipality for the cost of the first relocation of a municipally owned utility located within the limits of a municipal street at the time that the street was taken over by the State as a trunk highway, when such relocation is required by construction or reconstruction of the trunk highway.

(11) Except for the negligent acts of the State, its agents and employees, the Utility shall assume all liability for, and save the State, its agents and employees, harmless from, any and all claims for damages, actions or causes of action arising out of the work to be done herein and the continuing uses by the Utility, including but not limited to the placing, constructing, reconstructing, maintaining and using of said utility under this application and Permit for construction.

(12) The Commissioner of Highways may require the Utility, or its contractor, to furnish a deposit in the form of a certified check, a surety bond or corporate undertaking, in favor of the State of Minnesota, Commissioner of Highways, for any expense incurred by the State in the repairing of damage to any portion of the trunk highway right of way caused by work performed under a Work Permit of a Permit for construction, including any out of the ordinary engineering supervision and inspection expense provided by the State. In those instances wherein a deposit is required, the amount of the deposit shall be specified in the Special Provisions of the Permit. If a check is furnished, any monies remaining over and above such expense shall be returned to the applicant.

(13) The Work Permit or Permit for construction as issued does not in any way imply an easement on private property.

(14) The installations shall be made in conformity with all applicable laws, regulations and codes covering said installations. All installations shall be made in conformity with regulations of governmental agencies for the protection of the public.

(15) Upon completion of an installation, the Utility shall restore the trunk highway right of way to its original condition. The Utility shall then notify the office of the Assistant District Engineer, Maintenance, or Project Engineer of the completion of the work so that inspection can be made to determine its acceptability.

(e) Aerial

(1) There shall be only a single pole line on the trunk highway right of way on either side of the center line thereof, unless otherwise authorized in the Special Provisions of the Permit for construction.

(2) Longitudinal installations on non-interstate trunk highways shall normally be located in the outer five feet of the right of way. At crossings of the non-interstate trunk highway, poles shall be placed at a minimum of thirty feet from the shoulder lines of the through roadbeds unless right of way widths are prohibitive to such location.

(3) Unless clearly indicated on the Permit for construction sketch, the location of all brace poles, anchors and anchor poles within the limits of the trunk highway right of way shall be approved by the District Engineer or his authorized representative prior to actual installation.

(4) In those instances in which a Utility is issued a Permit or Permits for construction on both sides of the trunk highway right of way in a given area, such Permit is conditioned upon the Utility subsequently providing joint use to other Utilities upon reasonable terms mutually agreeable to the Utilities.

(f) Underground

(1) All crossings of the roadbeds of the trunk highways shall be made by boring inside a casing or carrier pipe, or by jacking, unless this procedure is modified in the Special Provisions of the Permit for construction. The auger shall not lead the casing or carrier pipe by more than one inch. Open trenching shall be restricted to the area from 5 feet beyond the shoulder to the right of way line except as modified in the Special Provisions of the Permit for construction.

(2) When pipes with bells or flanges are installed, the crossings of the roadbeds of trunk highway shall be made by boring inside a conduit as provided in Minn. Reg. Hwy. 33,(f)(1) of this section of jacking a conduit of sufficient diameter to permit threading the carrier pipe through it.

(3) All voids caused by jacking or boring shall be filled by pressure grouting. The grout material shall consist of a sand-cement slurry of at least two sacks of cement per cubic yard and a minimum of water to assure satisfactory placement.

(4) The underground utilities shall be so installed as virtually to preclude any necessity for disturbing the roadbeds to perform maintenance operations.

(5) Underground installations shall be accomplished without damaging or destroying the principal root structure of specimen trees.

(g) Order No. 31424 is effective on August 1, 1961.

**Hwy 34 Rules and Regulations for the Placement and Control of Advertising Devices on Lands Along and Adjacent to the Interstate System of Highways**

(a) Purpose. The purpose of this regulation is to carry out the mandate of the legislature and to effectuate that mandate as set forth in Minnesota Statutes, Chapter 173 (1965), as amended by Laws of Minnesota 1967, Extra Session Chapter 9, (hereinafter referred to as the Act) with reference to the placement and control of the advertising devices and establishment of scenic areas on lands along and adjacent to the interstate system of highways in the State of Minnesota.

(b) Scope. The scope of this regulation is confined to and consistent with Minnesota Statutes, Sections 173.01 through 173.24 (1965), as amended by Laws of Minnesota 1967, Extra Session Chapter 9.

(c) Definitions. For the purposes of this rule and regulation, the terms "advertising device", "interstate system of highways", "scenic area", "official signs and notices", "public utility signs", "service club and religious notices" and "directional signs" shall have the same meaning given them in the Act.

(1) On-premise sign. An advertising device located on the premises (or contiguous property) of an individual, business or organization where the sale or lease of the premises or the identification, products or services of the individual, business or organization are the principal subject of the advertising device.

(2) Roadbed. That portion of the roadway between the outside edges of finished shoulders.

(d) Exclusions and Exemptions

(1) Signs erected by the owner or occupant of the property on which they are located, that are not erected for the purpose of advertising to or attracting the attention of operators and occupants of motor vehicles on the interstate system of highways (such as no trespassing, no hunting or signs warning of impending danger on the land) are not deemed advertising devices and are excluded and exempt from regulation and control.